No. 05–1022 T
Honorable Emily C. Hewitt

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THE HARVER COMPANY, An Oregon Corporation,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

MOTION OF THE UNITED STATES
TO COMPEL DISCOVERY

Pursuant to RCFC 37(a), the United States moves the Court for an order compelling plaintiff, the Harver Company, to provide the information requested in the United States' Requests for Interrogatories–Set No. 2, Interrogatory No. 5.

A primary issue in this case is whether payments that plaintiff made to its employees pursuant to union contracts were made as part of a reimbursement arrangement that satisfies the requirements of I.R.C. § 62 and, therefore, may be excluded from wages for employment and withholding tax purposes. With the intent of identifying potential deponents regarding this issue, the United States asked plaintiff to identify (name, address, and telephone number) each union employee who received such payments. *See* Ex. A, Interrog. No. 5. Plaintiff responded by producing employee time cards, which were used by plaintiff's employees to report their hours

and job location. *See id*., Response to Interrog. No. 5. Plaintiff asserts that no other documents exist that identify the employees who received these payments from plaintiff.

The time cards do not sufficiently identify those employees who received payments which plaintiff contends should be excluded from wages. A sample time card is attached as Exhibit B. The time cards, more than 13,000 in number, relate to work performed by all of plaintiff's employees during calender years 1997, 1998, and 1999, not just those employees who received the payments at issue from plaintiff. Moreover, the majority of the time cards reflect only the employee's name, and omit the employee's address. Occasionally, a time card also reflects a street address, but normally omits the city or state. No space is provided on the time card for a telephone number.

Therefore, in an effort to facilitate the discovery process and the identification of potential deponents, the United States moves the Court to compel plaintiff to provide, to the extent possible, the name, address, and telephone number of each employee (including any employee presently employed by plaintiff) who received the payments that plaintiff contends should be excluded from wages under I.R.C. § 62 and its accompanying regulations.

Counsel for the United States has in good faith conferred with plaintiff in an effort to secure this information without court involvement. *See* Ex. C, letter dated June 19, 2006.

Respectfully submitted,

s/Jacob Christensen

JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0878

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

July 10, 2006 — s/Steven Frahm
Date — Of Counsel