**EXHIBIT A**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE HARVER COMPANY, an Oregon Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 05-1022 T |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORIES-SET NO. 2**

Plaintiff responds to Defendant's Interrogatories-Set No. 2 as follows:

**INTERROGATORY NUMBER 1.** Describe in detail the frequency with which Plaintiff gave certificates to its employees during taxable years 1997, 1998, and 1999. Identify the documents that reflect information about this matter.

**RESPONSE:** It was the practice of THE HARVER COMPANY to purchase gift certificates in bulk and then from time to time to give those awards once certain safety criteria had been met. They were almost all for not having an industrial accident for a particular period of time. Generally, that would be no industrial accidents on a particular job or series of jobs constituting two or three months. None of the gift certificates



LEGAL REPRESENTATION, LLC
STEVEN M. CYR, MANAGING MEMBER
4850 S.W. Scholls Ferry Rd.
Suite 305
Portland, Oregon 97225

went to any owner, shareholder or officer of the company or any internal staff. The gift certificates were strictly for meeting safety awards. There are no documents that exist anymore to identify further information about this matter.

**INTERROGATORY NUMBER 2.** For each year, including taxable years 1997, 1998, and 1999, state the percentage of Plaintiff's employees who received certificates in the form of employee achievement awards. Identify the documents that reflect information about this matter.

**RESPONSE:** See Response to Interrogatory Number 1. The achievement awards were for meeting safety criteria and the same certificates mentioned in number 1 are the ones being referred to in Interrogatory Number 2 as employee achievement awards. There are no documents that exist to document the number of gift certificates or the percentage of employees who received them. It would generally be true that all employees who shared the safety record on a particular job would receive a certificate. While it is difficult to estimate, it is believed that approximately one-third (1/3) of the employees received at least one certificate or award during the year.



LEGAL REPRESENTATION, LLC
STEVEN M. CYR, MANAGING MEMBER
4850 S.W. Scholls Ferry Rd.
Suite 305
Portland, Oregon 97225

**INTERROGATORY NUMBER 3.** For each year, including taxable years 1997, 1998, and 1999, state whether any employee received an employee achievement award, the cost of which, when added to the cost to Plaintiff of all other employee achievement awards made to such employee during such taxable year, exceeded $400. Identify the documents that reflect information about this matter.

**RESPONSE:** No single employee received any employment achievement awards exceeding $400 in any one tax year. These were $25 safety awards and it would not have been possible for one person to receive more than eight (8) or so safety awards for safety in any calendar year. Therefore, the maximum that any employee could have received would have been $200 and it is believed; although no documents exist any longer to prove this, that no then employee received more than four (4) gift certificates in any one year.

**INTERROGATORY NUMBER 4.** State whether Plaintiff followed an established written plan or program for rewarding its employees with safety achievement awards during the periods at



LEGAL REPRESENTATION, LLC
STEVEN M. CYR, MANAGING MEMBER
4850 S.W. Scholls Ferry Rd.
Suite 305
Portland, Oregon 97225

issue. Identify all documents that make up any part of such written plan.

**RESPONSE:** Plaintiff did not have a written plan for rewarding its employees with safety achievement awards. Plaintiff did, however, give the awards for each long job at its completion and in any event for employees working during any two month period, where no industrial accident occurred.

**INTERROGATORY NUMBER 5.** Identify each person who received payment(s) during the periods in issue, which payment(s) Plaintiff contends should be excluded from wages as part of an accountable plan that satisfies the requirements or I.R.C. Section 62(c) and its accompanying regulations. Identify the documents that reflect information about this matter.

**RESPONSE:** The persons who received payments as a part of travel per diem expenses are not in the hands of the Plaintiff. They are in the hands of J.D. BIGELOW of IKON DOCUMENT EFFICIENCY who is copying said documents for the government. The time cards identify each employee and each job. The jobs in question to which each qualified employee would not be included in the wages is, in fact, identified by job location.



LEGAL REPRESENTATION, LLC
STEVEN M. CYR, MANAGING MEMBER
4850 S.W. Scholls Ferry Rd.
Suite 305
Portland, Oregon 97225

The folders that identified the jobs that were outside of the greater Portland area and were subject to the per diem contract payments by the Union are in the hands of J.D. BIGELOW for copying for the government.

This is a collective bargaining plan which satisfies the requirements of IRC Section 62(c) in that it was negotiated at arms length between the Union and the employer's group, for not just this employer, but for all employees who had Union contracts with the Union.

The government has already been provided with copies of the contracts that reflect the plan.

**INTERROGATORY NUMBER 6.** For each person identified in Interrogatory No. 5, state the person's full residential address at the time the payment(s) (referred to in Interrogatory No. 5) was received by such person. Identify the documents that reflect information about this matter.

**RESPONSE:** To the extent that the documents are still in existence, the names of the employees and other information as contained on the time cards and the work folders already produced to the government's copier. The Plaintiff objects to the request



LEGAL REPRESENTATION, LLC
STEVEN M. CYR, MANAGING MEMBER
4850 S.W. Scholls Ferry Rd.
Suite 305
Portland, Oregon 97225

for residential addresses since the residential address would be irrelevant to the Union hall of which the individual was a member. Therefore, the residential address would not determine whether or not they were away from home as defined in the Union Contract, but rather the affiliation with a particular Union contract would determine whether or not the individual qualified for per diem. Notwithstanding the objection contained above, the Plaintiff has provided time cards which is all of the information that still exists surrounding those individuals for the time period in question.

**INTERROGATORY NUMBER 7.** For each person identified in No. 5, provide the full address of each job site to which such person was dispatched that gave rise to the payment(s) (referred to in Interrogatory No. 5) received by that person. Identify the documents that reflect information about this matter.

**RESPONSE.** The job sites have been identified by the work folders currently in possession of the government's copier. The individuals who were at the job sites are identified on the time cards and further reconciled to the work folders for each out of area job. All of the documents that exist with regard to



LEGAL REPRESENTATION, LLC
STEVEN M. CYR, MANAGING MEMBER
4850 S.W. Scholls Ferry Rd.
Suite 305
Portland, Oregon 97225

this have already been produced to the government's agent, MR. BIGELOW, as mentioned above.

**INTERROGATORY NUMBER 8.** For each period in issue, state the total amount Plaintiff paid as "subsistence) (as referred to in the Union contracts) to employees who were hired under Union contracts. Identify the documents that reflect information about this matter.

**RESPONSE:** The total amounts paid by Plaintiff are the adjustments as made by the IRS auditor. A copy of the audit report is enclosed and reflects the amount of adjustment made by the auditor to withholding based upon the payments at issue. The auditor's report and the time cards previously mentioned are the only documents that still exist for these time periods. It is the contention of the Plaintiff that the amounts are not in dispute. The auditor made an adjustment. The adjustment made by the auditor was paid. The discussion is purely a legal issue as to whether or not the amounts properly adjusted by the auditor were subject to withholding or were not subject to withholding. There is no dispute that the amounts have been paid nor is there any dispute that the government believed that those amounts to be



LEGAL REPRESENTATION, LLC
STEVEN M. CYR, MANAGING MEMBER
4850 S.W. Scholls Ferry Rd.
Suite 305
Portland, Oregon 97225

proper, nor is there any dispute that the taxpayer believes the amounts were not subject to withholding.

**INTERROGATORY NUMBER 9.** Describe in detail the manner and method by which the amount, time, place, and business purpose of the expenses covered by the payment(s) (referred to in Interrogatory No. 5) were substantiated to Plaintiff by the persons identified in Interrogatory No. 5. Identify any record or other document prepared for such purpose, and identify the documents that reflect information about this matter.

**RESPONSE:** This is the same answer because the time cards, job records, and auditor's report have all been produced to the government or their agent.

**INTERROGATORY NUMBER 10.** State whether employees who received payment(s) (referred to in Interrogatory No. 5) were required to return to Plaintiff any excess of such payment(s) over actual expenses.

**RESPONSE:** Under the Union contract the employee was not required to provide receipts and, therefore, there could not have been, and would not have been, any excess of payments over actual expenses.



LEGAL REPRESENTATION, LLC
STEVEN M. CYR, MANAGING MEMBER
4850 S.W. Scholls Ferry Rd.
Suite 305
Portland, Oregon 97225

**INTERROGATORY NUMBER 11.** If you respond with anything but an unequivocal admission to any request contained in Defendant's Requests for Admissions-Set No. 1:

(a) Quote the phrase, word, or words that you do not admit;

(b) State in detail each fact that (in your view) supports your refusal to admit the clause, phrase, word, or words listed in response to Interrogatory 11(a), identifying all persons who have knowledge of each such fact and identifying all documents that support each such fact; and

(c) If you do not agree with the Defendant's statement of the subject of the requested admission, fully state your view of the facts, and separately set forth the evidence upon which you rely to support your point of view.

**RESPONSE:** Plaintiff objects in that the request is overly broad and has already been responded to in the request for admissions set number 1. This is a redundant discovery request

\

\



LEGAL REPRESENTATION, LLC
STEVEN M. CYR, MANAGING MEMBER
4850 S.W. Scholls Ferry Rd.
Suite 305
Portland, Oregon 97225

and the response to request for admissions set number 1 are the responses.

DATED this 30th day of June, 2006.

STEVEN M. CYR, CAF: 8000-44229R
Attorney for THE HARVER COMPANY
4850 S.W. Scholls Ferry Road
Suite 305
Portland, Oregon 97225
Telephone: 503-297-7330
Facsimile: 503-297-7393

harvercourtINT.res2.wpd

**CERTIFICATE OF SERVICE**

I certify that service of the foregoing document entitled "PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORIES-SET NO. 2" has been made on Defendant this 30th day of June, 2006, by sending a true copy thereof, via FEDERAL EXPRESS, to the following address:

JACOB E. CHRISTENSEN
U.S. DEPARTMENT OF JUSTICE
COURT OF FEDERAL CLAIMS SECTION
555 4th Street N.W.
Washington, D.C. 20001

STEVEN M. CYR, OSB No. 79205
LEGAL REPRESENTATION, LLC
4850 S.W. Scholls Ferry Road
Suite 305
Portland, Oregon 97225
503-297-7330

C:\Documents and Settings\Jill\My Documents\harvercourtINT.res2.wpd



LEGAL REPRESENTATION, LLC
STEVEN M. CYR, MANAGING MEMBER
4850 S.W. Scholls Ferry Rd.
Suite 305
Portland, Oregon 97225

**EXHIBIT B**

...leased to ... from employee.

# WEEKLY TIME CARD

NAME Edgar Long

ADDRESS

WEEK ENDING June 21, 1997

| JOB NO. | JOB NAME | COMMENT | CODE | S | M | T | W | T | F | S | HRS. | OVERTIME |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1-021-97 | Komatsu | | 402 | | | 2 (2) | | | | | 2 | (2) |
| 1-235-96 | Komatsu | | 804 | | 8 (2) | 6 | 8 (2) | 8 (2) | 8 | | 38 | (6) |

EXPENSES

EMPLOYEE SIGNATURE Edgar Long

FOR LABOR AND MATERIAL ISSUES AFTER OFFICE HOURS, PLEASE CALL 684-1066

OFFICE USE ONLY
514

| | S | M | T | W | T | F | S | Total | |
|---|---|---|---|---|---|---|---|---|---|
| TOTAL REGULAR | | 8 | 8 | 8 | 8 | 8 | | 40 | |
| TOTAL OVERTIME | | (2) | (2) | (2) | (2) | | | (8) | |
| TOTAL DOUBLE TIME | | | | | | | | | |

**EXHIBIT C**

**U.S. Department of Justice**

**Tax Division**

*Please reply to: Court of Federal Claims Section*
*P.O. Box 26*
*Ben Franklin Station*
*Washington, D.C. 20044*

*Facsimile No. (202) 514-9440*
*Trial Attorney: Jacob E. Christensen*
*Attorney's Direct Line: (202) 307-0878*

EJO'C:SIF:JChristensen jc
154-2360
CMN 2006100218

June 19, 2006

VIA FASCIMILE (503-297-7393) AND U.S. MAIL

Steven M. Cyr, Esq.
4850 S.W. Scholls Ferry Road
Suite 305
Portland, Oregon 97225

RE: The Harver Company v. United States, Fed. Cl. No. 05-1022 T.

Dear Mr. Cyr:

This letter is a follow-up to our telephone conversation during which you indicated that you are preparing supplemental responses to the United States' first set of discovery requests. Thank you for your cooperation in that regard.

Accordingly, we ask that your supplemental responses, as well as complete responses to our second set of discovery requests, be provided to us by June 30, 2006. In light of the Court's order that discovery motions be filed by July 10, 2006, we will be obliged to move for an order to compel by that date if we do not receive appropriate responses we have had an opportunity to review.

Also, it is our intention to depose various union employees and other employees who received gift certificates during the periods at issue in this case. To that end, please provide us with at least ten names, along with contact information, of union employees currently residing in the Portland, Oregon area who received payments from plaintiff during the periods at issue. Also please provide at least five names of employees who received gift certificates during the periods at issue, who also reside in the Portland, Oregon area. We note that this information falls within the scope of our requests for interrogatories.

You may call our trial attorney, Jacob Christensen, with any questions or concerns you may have regarding these issues.

Christensen # 8324

Sincerely yours,

EILEEN J. O'CONNOR
Assistant Attorney General
Tax Division

By: [signature]

DAVID GUSTAFSON
Chief
Court of Federal Claims Section